UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RANDY KYLE CHAPPELL, | Case No. 3:25-cv-00060-ART-CSD |
| Petitioner, | ORDER |
| v. | |
| NETHANJAH BREITENBACH, | |
| Respondents. | |

*Pro se* Petitioner Randy Kyle Chappell has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, an application for leave to proceed *in forma pauperis* ("IFP"), and a motion for counsel. (ECF No. 1-1 ("Petition"), 1, 1-2.) This Court finds good cause exists to grant Chappell's IFP application. As such, this matter comes before this Court for initial review of the Petition under the Rules Governing Section 2254 Cases ("Habeas Rules") and for consideration of Chappell's motion. For the reasons discussed below, this Court directs service of the Petition and grants Chappell's motion.

## I.   BACKGROUND[1]

Chappell challenges a conviction and sentence imposed by the Third Judicial District Court for Lyon County ("state court"). A jury found Chappell guilty of two counts of lewdness with a child under the age of 14. The state court sentenced Chappell to an aggregate term of 20 years to life in prison. Chappell appealed, and the Nevada Court of Appeals affirmed on January 25, 2021. *Randy Kyle Chappell v. State of Nevada*, No. 80540-COA. Remittitur issued on February 19, 2021.

---

[1] This Court takes judicial notice of the online docket records of the Nevada appellate courts (http://caseinfo.nvsupremecourt.us/public/caseSearch.do). Notably, the Third Judicial District Court for Lyon County does not have online docket records.

1

On September 28, 2021, Chappell filed a state habeas petition. The state court denied the petition. Chappell appealed, and the Nevada Court of Appeals affirmed on September 19, 2024. *Randy Kyle Chappell v. Tim Garrett*, No. 86731-COA. Chappell petitioned for rehearing. The Nevada Supreme Court denied rehearing on November 19, 2024, and remittitur issued on December 10, 2024.

## II.   DISCUSSION

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). This Court finds that a response is warranted in the instant case.

This Court now turns to Chappell's motion for the appointment of counsel. (ECF No. 1-2.) There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointed counsel when "the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

Following review of the Petition and the motion for appointment of counsel, the Court will provisionally appoint the Federal Public Defender to represent

Chappell. The Court finds that appointment of counsel is in the interests of justice given, among other things, Chappell's life sentence and the complexities of this case.

### III. CONCLUSION

It is therefore ordered that the Clerk of Court (1) file the 28 U.S.C. § 2254 habeas petition (ECF No. 1-1), (2) add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents, (3) electronically serve Respondents' counsel a copy of the Petition (ECF No. 1-1), (4) electronically provide Respondents' counsel a copy of this Order and copies of all items previously filed in this case by regenerating the Notices of Electronic Filing, (5) serve the Federal Public Defender a copy of this Order and the Petition (ECF No. 1-1), and (6) send a copy of this order to Chappell and the CJA Coordinator for this division.

It is further ordered that Respondents' counsel enter a notice of appearance within 21 days of entry of this Order. No further response will be required until further order.

It is further ordered that the motion for appointment of counsel (ECF No. 1-2) is granted. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to (1) undertake direct representation of Chappell by filing a notice of appearance or (2) indicate the office's inability to represent Chappell in these proceedings. If the Federal Public Defender is unable to represent Chappell, the Court will appoint alternate counsel. Appointed counsel will represent Chappell in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 90 days from entry of the formal order of appointment.

It is further ordered that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time

1   period established. Chappell remains responsible for calculating the running of
2   the federal limitation period and timely presenting claims. That is, by setting a
3   deadline to amend the petition and/or by granting any extension thereof, this
4   Court makes no finding or representation that the Petition, any amendments
5   thereto, and/or any claims contained therein are not subject to dismissal as
6   untimely. *See Sossa v. Diaz,* 729 F.3d 1225, 1235 (9th Cir. 2013).

DATED THIS 4th day of February 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE