UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RANDY CHAPPELL, | Case No. 3:25-cv-00060-ART-CSD |
| Petitioner, | ORDER |
| v. | |
| NETHANJAH BREITENBACH, et al., | |
| Respondents. | |

This matter is before the Court on Petitioner Randy Chappell's motion for leave to file a second-amended petition. (ECF No. 11 ("Motion").) Respondents filed an opposition, and Chappell replied. (ECF Nos. 12, 13.)

In his Motion, Chappell states that he filed his first-amended petition as a protective petition to ensure that all his claims would be preserved as timely filed. (ECF No. 11.) Chappell requests leave to file a second-amended petition so that he has a reasonable opportunity to prepare an amended petition that fully reflects counsel's considered judgment. (*Id.*) Chappell further requests that the Court waive the requirement of LR 15-1(a), which generally requires a party to attach the proposed amended pleading to a motion seeking leave of court to amend, explaining that the rule is ill-suited for this situation. (*Id.*) Respondents oppose the motion, arguing that (1) Chappell fails to comply with Local Rule 15-1(a), and (2) Chappell is merely trying to develop evidence which this Court may ultimately not be able to consider, making an amendment futile. (ECF No. 12.)

Local Rule 15-1(a) states that a proposed amended pleading must be submitted with the motion for leave to amend unless otherwise permitted by the Court. When the Court appoints counsel to represent habeas corpus petitioners, as a matter of course, it gives counsel leave to file an amended petition. The only difference here is that counsel is trying to file a petition before the one-year

1

deadline to minimize the probability that grounds for relief would not relate back to a timely petition. The Court sees no reason to depart from its usual practice in habeas corpus cases of allowing amended petitions under these circumstances. Moreover, under Federal Rule of Civil Procedure 15(a)(2), a party may amend a pleading with the Court's leave, and "[t]he court should freely give leave when justice so requires."

The Court finds that good cause exists for Chappell to file a second-amended petition, so the Court grants the Motion and waives the requirement of LR 15-1(a).[1] Although this Court is cognizant that it may be barred from considering new evidence in certain situations in federal habeas matters, it is premature for this Court to make such as assessment.

It is therefore ordered that the Motion [ECF No. 11] is granted. Chappell has up to and including 90 days from the date of this Order to file a second-amended petition. In all other respects, the Scheduling Order (ECF No. 7) remains in effect.

DATED THIS 15th day of September 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

---

[1] This Order does not, however, affect, in any manner, the operation of the statute of limitations in this case, and the Court does not mean in this Order to convey any opinion whatsoever about when the limitations period expires (or expired).

2