UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RANDY CHAPPELL,

Petitioner,

v.

NETHANJAH BREITENBACH,

Respondent.

Case No. 3:25-cv-00060-ART-CSD

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

[ECF No. 28]

This counseled habeas matter comes before the Court on Respondent's motion to dismiss Petitioner Randy Chappell's Second-Amended Petition. (ECF No. 28.) Chappell opposed the motion, and Respondent replied. (ECF Nos. 32, 37.) For the reasons discussed below, the Court grants the motion in part and denies the motion in part.

## I. BACKGROUND

"Lyon County Deputy Sheriffs received information that Chappell inappropriately touched his three-year old granddaughter, AC. When deputies interviewed Chappell, he voluntarily admitted touching AC's bare vagina with his hand on four separate occasions at his Dayton home." (ECF No. 23-22 at 2.) A jury found Chappell guilty of two counts of lewdness with a child under the age of 14 years. (ECF No. 23-3.) Chappell was sentenced to life in prison with parole eligibility after 20 years. (*Id.*) Chappell appealed, and the Nevada Court of Appeals affirmed on January 25, 2021. (ECF No. 23-22.)

Chappell filed a state habeas petition on September 28, 2021. (ECF No. 27-8.) The state court denied the petition. (ECF No. 23-48.) Chappell appealed, and the Nevada Court of Appeals affirmed on September 19, 2024. (ECF No. 24-23.) Following the denial of a petition for rehearing, remittitur issued on December

10, 2024. (ECF No. 24-26.)

Chappell commenced this federal habeas action on January 30, 2025. (ECF No. 1.) This Court appointed counsel for Chappell, and Chappell's counsel filed a First-Amended Petition and a Second-Amended Petition on August 28, 2025, and December 15, 2025, respectively. (ECF Nos. 7, 10, 15.) In his Second-Amended Petition, Chappell raises the following grounds for relief: (1) he did not voluntarily and intelligently waive his *Miranda* rights, (2) the trial court limited his trial counsel's voir dire of the jury panel, (3) the trial court allowed an out-of-state attorney to conduct his trial without adequate supervision, (4) his trial counsel failed to investigate AC's claims of abuse by someone named William, (5) his trial counsel failed to investigate and question AC's competency as a witness, (6) his trial counsel failed to object to Detective Redmond's testimony of AC's recorded statements, (7) the cumulative effect of his trial counsel's errors deprived him of his right to counsel and due process, (8) his trial counsel failed to adequately argue the State should not have been permitted to present prior bad act evidence, and (9) he was denied the right to counsel at arraignment. (ECF No. 15.)

## II. DISCUSSION

Respondent argues that (1) Chappell's Second-Amended Petition is untimely, (2) grounds 2 through 9 are unexhausted, and (3) grounds 3 and 7 are not cognizable. (ECF No. 28.) The Court will address these arguments in turn.

### A. Timeliness

Chappell concedes that his Second-Amended Petition is untimely; however, he argues that each of the claims in his untimely Second-Amended Petition relate back to claims in his timely First-Amended Petition. (ECF No. 32.) Respondent contends that grounds 4 and 7 do not relate back. (ECF No. 28.)

A new claim in an amended petition that is filed after the expiration of the AEDPA one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading on the basis that the claim arises out of "the

same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644 (2005). In *Mayle*, the United States Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the Original Petition merely because the claims all challenge the same trial, conviction, or sentence. *Id.* at 655–64. Rather, habeas claims asserted in an amended petition relate back "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." *Id.* at 657. In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* at 659. A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. *Id.* at 659 n.5; *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013).

In ground 4 of his Second-Amended Petition, Chappell alleges that his trial counsel failed to investigate AC's claims of abuse by someone named William. (ECF No. 15 at 19.) This was the same claim raised in ground 4 of Chappell's First-Amended Petition. (ECF No. 10 at 23.) The only difference between the two claims is the addition in the Second-Amended Petition of the argument that Chappell's trial counsel should have cross-examined a detective about his lack of investigation into William. (*Compare* ECF No. 10 *with* ECF No. 15.) However, the addition of this argument does not change the core operative facts of ground 4: Chappell's trial counsel failed to investigate William. How Chappell's trial counsel could have gone about conducting that investigation—whether by conducting his own research or by questioning a detective—does not transform this claim into one that is based on separate events. The Court finds that ground 4 of the Second-Amended Petition relates back to the First-Amended Petition.

In ground 7 of his Second-Amended Petition, Chappell alleges that the

cumulative effect of his counsel's errors deprived him of due process and the right to counsel. (ECF No. 15 at 33.) Respondent argues that because ground 7 necessarily incorporates ground 4, which it argues does not relate back, then ground 7 also does not relate back. (ECF No. 37 at 15.) Because the Court has already determined that ground 4 does relate back, it also finds that ground 7 relates back.

**B. Exhaustion**

A state prisoner first must exhaust state court remedies on habeas claims before presenting those claims to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999) ("Section 2254(c) requires only that state prisoners give state courts a fair opportunity to act on their claims.")). A petitioner must present the substance of his claim to the state courts, and the claim presented to the state courts must be the substantial equivalent of the claim presented to the federal court. *Picard v. Connor*, 404 U.S. 270, 278 (1971). The state courts have been afforded a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis. *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999); *see also Scott v. Schriro*, 567 F.3d 573, 582–83 (9th Cir. 2009) ("Full and fair presentation additionally requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief."). A petitioner may reformulate his claims so long as the substance of his argument remains the same. *Picard*, 404 U.S. at 277–78.

In ground 2, Chappell alleges that his rights to due process and a fair trial were denied when the trial court refused to allow his trial counsel to voir dire the jury panel regarding his Fifth Amendment right not to testify. (ECF No. 15 at 11.) Respondent argues that Chappell only relied upon the Sixth Amendment when alleging this claim before the state courts, so to the extent that this claim relies upon the Fourteenth Amendment, it is unexhausted. (ECF No. 28 at 10.) Chappell agrees and requests that the Court strike the portion of ground 2 that relies on the Fourteenth Amendment. (ECF No. 32 at 8.) The Court grants the request.

In ground 3, Chappell alleges that his rights to due process and a fair trial were denied when the trial court allowed an out-of-state attorney to conduct his trial without adequate supervision. (ECF No. 15 at 15.) Respondent argues that while Chappell presented a similar claim in his state habeas appeal, the state appellate court did not consider it because Chappell failed to raise it in his state petition. (ECF No. 28 at 11.) The Nevada Court of Appeals stated that this ground "was not raised below, [so it] decline[d] to consider it on appeal in the first instance." (ECF No. 24-23 at 8 (citing *State v. Wade*, 772 P.2d 1291, 1293 n.3 (Nev. 1989)).) While Chappell raised a similar argument under *Strickland* before the state court, his claim before the state appellate court—and before this Court—was that the trial court erred. (*See* ECF No. 23-48 at 4–5 (alleging in his state habeas petition the "[i]neffective [a]ssistance of [c]ounsel because of the . . . lack of certification to practice law in Nevada").) Given this discrepancy, the Court finds ground 3 to be unexhausted.[1]

As a reminder, in ground 4, Chappell alleges that his trial counsel failed to

---

[1] To the extent that Chappell argues that this Court should find that ground 3 is technically exhausted but procedurally defaulted and that he can overcome the procedural default based on *Martinez* (ECF No. 32 at 10), the Court declines to do so. *Martinez* applies only to ineffective assistance in initial-review collateral proceedings and cannot excuse the procedural default of a substantive claim of trial-court error. *Martinez v. Ryan*, 566 U.S. 1, 16–17 (2012).

investigate AC's claims of abuse by William. (ECF No. 15.) Like her relation back argument, Respondent argues that this ground is unexhausted to the extent that it alleges that trial counsel failed to cross examine a detective about his investigation regarding William. (ECF No. 28 at 11.) The addition of this argument does not fundamentally alter this claim because the legal basis—the ineffective assistance of counsel—and the factual basis—trial counsel's lack of investigation—of this claim were fairly presented to the state courts. The Court finds ground 4 to be exhausted.

Chappell contends that ground 7—his cumulative error claim—is exhausted because he raised a cumulative error claim during his state habeas proceedings. (ECF No. 32 at 13.) "[A] cumulative error claim must be clearly identified in a petitioner's brief before a state court to be exhausted." *Wooten v. Kirkland*, 540 F.3d 1019, 1026 (9th Cir. 2008). Because (1) grounds 1 and 2 were raised on direct appeal and (2) grounds 3, 8, and 9 were not raised during Chappell's state habeas proceedings, the Court finds that ground 7 is exhausted only to the extent that it relies upon grounds 4, 5, and 6.

Respondent argues that grounds 4, 5, and 6 are unexhausted to the extent that they are raised under the Fifth Amendment. (ECF No. 28 at 10.) Ground 4, 5, and 6 are ineffective assistance of trial counsel claims under *Strickland*. (*See* ECF No. 15.) Because "the Sixth Amendment right to counsel exists . . . in order to protect the fundamental right to a fair trial . . . through the Due Process Clauses," *Strickland v. Washington*, 466 U.S. 668, 685 (1984), Chappell's inclusion of the Fifth Amendment does not render these grounds unexhausted.

Turning finally to grounds 8 and 9, Chappell concedes that these grounds are unexhausted but argues that they should be considered technically exhausted but procedurally defaulted. (ECF No. 32 at 15.) A claim may be considered procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir.

2002). Chappell would face several procedural bars if he were to return to state court. *See, e.g.*, Nev. Rev. Stat. §§ 34.726 & 34.810. Therefore, the Court finds that grounds 8 and 9 are technically exhausted but procedurally defaulted.

Chappell argues that he can overcome the procedural defaults of grounds 8 and 9 under *Martinez*. (ECF No. 32 at 15.) In *Martinez v. Ryan*, the Supreme Court held that the absence or inadequate assistance of counsel in an initial-review collateral proceeding may be relied upon to establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel. 566 U.S. 1, 9 (2012). Respondent contends that *Martinez* does not apply to ground 9. (ECF No. 37 at 11.) In ground 9, Chappell alleges that he was denied his right to counsel at arraignment. (ECF No. 15 at 35.) In his opposition to the motion to dismiss, Chappell argues that ground 9 is a trial-court error claim that should have been raised by his direct appeal counsel on direct appeal. (ECF No. 32 at 17.) However, *Martinez* cannot excuse the procedural default of a trial-court error claim or an ineffective-assistance-of-appellate-counsel claim. *Martinez*, 566 U.S. at 16–17. Therefore, the Court dismisses ground 9 as procedurally defaulted.

Regarding ground 8, Chappell has a potentially viable cause-and-prejudice argument given that (1) the Nevada Supreme Court does not recognize *Martinez* as cause to overcome a state procedural bar, *see Brown v. McDaniel*, 331 P.3d 867, 875 (Nev. 2014), and (2) Chappell relies upon only *Martinez* as a basis for overcoming the state procedural bars. Because the cause-and-prejudice arguments are necessarily intertwined with the merits of ground 8, the Court defers a determination of whether Chappell can overcome the procedural default of ground 8 until the time of merits determination.

### C. Cognizable Claims

When conducting habeas review, a federal court is limited to deciding whether a conviction violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Unless an issue of federal constitutional or statutory

law is implicated by the facts presented, a claim is not cognizable in federal habeas. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

Respondent argues that ground 3 rests on an interpretation of state law. (ECF No. 28 at 13.) As a reminder, in ground 3, Chappell alleges that his rights to due process and a fair trial were denied when the trial court allowed an out-of-state attorney to conduct his trial without adequate supervision. (ECF No. 15 at 15.) Chappell contends that while the facets of what makes an attorney qualified to appear before the state court is a matter determined by state law, counsel's failure to provide meaningful assistance to Chappell and repeated errors due to his lack of qualification is a violation of his federal right to counsel. (ECF No. 32 at 19.) Chappell cites *United States v. Mouzin*, 785 F.2d 682, 696 (9th Cir. 1986) for his proposition that ground 3 rests on a violation of federal law: "'the Sixth Amendment guarantee of counsel means assistance by an attorney who has been found qualified to represent a client as evidence by admission to the bar.'" (ECF No. 15 at 17.) While the Court understands and appreciates Chappell's Sixth Amendment claim regarding his trial counsel's alleged lack of qualification, Chappell pled this ground as a trial-court error claim, making his citation to *Mouzin* not applicable as far as being the basis to make this ground based on federal law. Moreover, even under *Mouzin*, Chappell is required to show deficiency and prejudice to support an ineffective-assistance-of-trial-counsel claim, and Chappell has alleged various instances of his trial counsel's alleged ineffectiveness in other grounds within his Second-Amended Petition. Because Chappell's trial counsel's lack of qualification will necessarily be assessed in relation to Chappell's specific instances of deficiency within grounds 4, 5, and 6, his trial counsel's lack of qualification in this standalone claim (even if the Court were to interpret the claim as something other than a trial-court error claim, which it does not do) would not be enough to warrant the granting of relief. Consequently, the Court dismisses ground 3 as not cognizable.

Respondent argues that cumulative errors claims are not cognizable in federal habeas proceedings. (ECF No. 28 at 14.) This Court follows the Court of Appeals for the Ninth Circuit, which has concluded that "[t]he Supreme Court has clearly established that the combined effect of multiple . . . errors [can] violate[ ] due process." *Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007). Ground 7 is cognizable.

## III. CONCLUSION

It is therefore ordered that Respondent's Motion to Dismiss (ECF No. 28) is granted in part and denied in part as follows: (1) the claims in the Second-Amended Petition are timely, (2) ground 2 is dismissed to the extent that it relies on the Fourteenth Amendment, (3) ground 3 is dismissed as not cognizable, (4) ground 4 is exhausted, (5) ground 7 is cognizable but exhausted only to the extent that it relies upon grounds 4, 5, and 6, (6) ground 8 is technically exhausted but procedurally defaulted and the Court defers a determination of whether Chappell can overcome the procedural default until the time of merits review, and (7) ground 9 is dismissed as procedurally defaulted.

It is further ordered that, in accordance with the Court's Scheduling Order (ECF No. 7), Respondent file her answer to the remaining claims in the Second-Amended Petition—grounds 1, 2, 4, 5, 6, 7, and 8—within 60 days of the date of this Order. Chappell will then have 30 days to file his reply.

DATED THIS 25th day of September 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE